UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ABIJAH WILLIAMS, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:21-cv-00111-JAW |
| ) | |
| AARON FREY, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, an inmate at the Cumberland County Jail, alleges violations of various constitutional protections during a criminal prosecution in state court. (Form Complaint, ECF No. 1; Complaint, ECF No. 3.)

In addition to his complaint, Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's allegations, I recommend the Court dismiss the complaint without prejudice.

### STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### BACKGROUND FACTS

Plaintiff alleges that due process violations, racial discrimination, and other unlawful conduct occur during the prosecution of him and other criminal defendants in state court. According to Plaintiff, law enforcement officers, prosecutors, defense counsel, court personnel, and judges engage in the alleged conduct.[1]

### DISCUSSION

While Plaintiff is in custody, his inmate status is not apparent in the record. If Plaintiff is in custody pursuant to a state court criminal judgment, the proper procedure to

---

[1] Plaintiff filed affidavits from several other inmates who were dissatisfied with their criminal proceedings. To the extent Plaintiff attempts to assert a claim on behalf of other individuals, Plaintiff cannot do so. By law an individual may appear in federal courts only pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) (citing *United States v. Taylor*, 569 F.2d 448, 450 – 51 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978), and 28 U.S.C. § 1654). As a pro se litigant, Plaintiff cannot represent other prisoners in this court, though he may provide advice and assistance to his fellow inmates on their legal matters. *Id.*; *see also Smith v. Schwarzenegger*, 393 Fed. App'x 518, 519 (9th Cir. 2010); *Heard v. Caruso*, 351 Fed. App'x 1, 15 (6th Cir. 2009); *Fowler v. Lee*, 18 Fed. App'x 164, 165 (4th Cir. 2001) (per curiam) ("It is plain error for a pro se inmate to represent other inmates in a class action.").

challenge in federal court his conviction is a habeas corpus petition after exhausting all postconviction remedies available in the state courts.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Because Plaintiff has not alleged a prior reversal of his conviction, and because Plaintiff challenges the legality of his original stop or arrest by a state trooper and the validity of the pretrial process, (*see, e.g.*, Complaint at 9), dismissal is appropriate because "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487.

If Plaintiff is in pretrial custody rather than in custody pursuant to a state court criminal judgment, the proper process to challenge the constitutionality of the state criminal procedures is a motion within the state court proceeding. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts ordinarily abstain from the exercise of jurisdiction when a petitioner seeks relief in federal court from ongoing state criminal proceedings, as long as there is an adequate opportunity to raise federal constitutional challenges in state court. *See also*, *Bettencourt v. Bd. of Registration in Med. of Commonwealth of Mass.*, 904 F.2d 772, 777 (1st Cir. 1990). Because Plaintiff has not alleged any facts to suggest that he does not have an adequate opportunity to assert federal constitutional claims in state court, abstention is appropriate.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the complaint without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of June, 2021.