UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ABIJAH WILLIAMS, | ) |
|    Plaintiff, | ) ) ) |
|    v. | )    No. 2:21-cv-00111-JAW |
| AARON M. FREY, et al. | ) ) ) |
|    Defendants. | ) |

**ORDER ON PENDING MOTIONS**

The Magistrate Judge reviewed Petitioner's claims pursuant to 42 U.S.C. § 1983 and recommended that the Court dismiss the claims. The Court reviewed Petitioner's objections and concludes, as the Magistrate Judge did, that the Petitioner's claims should be dismissed under *Heck v. Humphrey* because Petitioner's criminal case is pending before the First Circuit Court of Appeals.

**I.  PROCEDURAL HISTORY**

On April 19, 2021, Abijah Williams, an inmate at the Cumberland County Jail, state of Maine, filed a lawsuit pursuant to 42 U.S.C. § 1983 against Aaron M. Frey, Attorney General of the state of Maine, Trooper Matthew Williams of the Maine State Police, and John D. Pelletier, of the Maine Commission on Indigent Legal Services, alleging that he and other Black defendants have been subjected to racial discrimination by the state of Maine justice system. *Form Compl.* (ECF No. 1); *Compl.* at 4 (ECF No. 3). Mr. Williams moved this Court to allow him to proceed in forma pauperis. *Application to Proceed Without Prepayment of Fees and Aff.* (ECF

No. 2).  On April 21, 2021, the Magistrate Judge granted this motion.  *Order Granting Leave to Proceed In Forma Pauperis* (ECF No. 4).

On April 28, 2021, Mr. Williams moved this Court to appoint counsel to represent him in his civil action.  *Mot. for Appointment of Counsel* (ECF No. 7).  On April 30, 2021, the Magistrate Judge denied his motion for appointment of counsel.  *Order on Pl.'s Mot. to Appoint Counsel* (ECF No. 8).  On May 10, 2021, Mr. Williams asked the Magistrate Judge to reconsider his request for counsel and on May 12, 2021, the Magistrate Judge denied his motion for reconsideration.  *Obj. and Mot. for Recons.* (ECF Nos. 9, 10); *Order* (ECF No. 11).  In the same document, Mr. Williams also objected to the Magistrate Judge's order denying his motion for appointed counsel.  *Obj. and Mot. for Recons.* (ECF Nos. 9, 10).  On May 13, 2021, this Court issued an order overruling Mr. Williams' objection to the Magistrate Judge's denial of his motion for appointment of counsel.  *Order Overruling Obj. to the Denial of Pl.'s Mot. for Appointment of Counsel* (ECF No. 12) (*May 13 Order*).

On June 11, 2021, the Magistrate Judge issued a Report and Recommended Decision as to Mr. Williams' Complaint and recommended that the Court dismiss his Complaint without prejudice.  *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 13) (*Recommended Decision*).  On July 6, 2021, Mr. Williams filed his objection to the Recommended Decision.  *Pl. Object To Recommended Decision for Proposed Finding After Review* (ECF No. 16) (*Pl.'s Obj.*).  Finally, on August 11, 2021, Mr. Williams moved a second time for this Court to appoint counsel to represent him in his civil action.  *Mot. Request for appoint counsel for habeas petition under 18*

2

*U.S.C. § 3006 A* (ECF No. 19) (*Pl.'s Mot. to Appoint Counsel*).  This Order addresses both Mr. Williams' objections to the Magistrate Judge's Recommended Decision and his renewed motion for appointment of counsel.

## II.    FACTS

The facts are somewhat unclear from Mr. Williams' filings.[1]  From what the Court understands, Mr. Williams was arrested for drug possession by a Maine State Trooper on December 19, 2017.  *Compl.* at 9; *Pl.'s Obj.* at 3, 5-6.

He says that a woman[2] was arrested in Maine for selling drugs on December 16, 2017, and made a deal with the state troopers to avoid prosecution.  *Pl.'s Obj.* at 3.  He claims this woman then became an informant and assisted the state trooper "with an illegal sting operation, without the authority of law or [a] warrant," which Mr. Williams characterizes as "unlawful conduct."  *Id.*  On December 19, 2017, this woman begged Mr. Williams to bring her to Maine.  *Id.*  As they drove through Maine, Officer Matthew Williams, who was parked in front of a tollbooth, *id.*, pulled Mr. Williams over for going 79 MPH in a 70 MPH zone and for following too closely to two separate cars.  *Id.* at 17.  Mr. Williams says that Officer Williams was granted approval to use a K-9 unit.  *Id.* at 3.  From what the Court understands, it was during this traffic stop that Officer Williams discovered drugs in Mr. Williams' vehicle.  *See id.* at 18, 23.

---

[1]    Mr. Williams' Complaint contained little factual information.  Mr. Williams adds additional factual details in his objection, although this account was not on the record before the Magistrate Judge.  *See Pl.'s Obj.* at 3.

[2]    The Court does not refer to this woman's name because Mr. Williams alleged she cooperated with law enforcement in bringing about his arrest and conviction.  The Court has no corroboration of Mr. Williams' allegation and it seemed more prudent not to reveal her name in this opinion.

3

On January 26, 2018, the United States Attorney federally indicted Mr. Williams for Possession with Intent to Distribute Fentanyl and Cocaine Base in violation of 21 U.S.C. § 841(a)(1).[3] *See Pl.'s Obj.* at 26, 29; *United States v. Williams*, No. 2:18-cr-00013-JDL, *Indictment* (ECF No. 1). On January 31, 2019, Mr. Williams pleaded guilty to Count One of the indictment. *Id.*, *Min. Entry* (ECF No. 64). On June 18, 2019, Mr. Williams filed a motion to withdraw his guilty plea, *id.*, *Def.'s Mot. to Withdraw Guilty Plea* (ECF No. 80), which the Court denied on May 26, 2020. *Id.*, *Order on Def.'s Mot. to Withdraw Guilty Plea* (ECF No. 130). On July 14, 2021, the Court sentenced Mr. Williams to sixty months imprisonment, four years of supervised release, and a $100 special assessment. *Id.*, *Min. Entry* (ECF No. 171); *id.*, *J.* (ECF No. 172). That same day, Mr. Williams appealed his case to the First Circuit Court of Appeals. *Id.*, *Notice of Appeal* (ECF No. 176). The case remains pending on appeal.

### III. THE RECOMMENDED DECISION

The Magistrate Judge issued a Recommended Decision pursuant to 28 U.S.C. § 1915(e)(2)(B) and the Prison Litigation Reform Act, both of which allow courts to screen in forma pauperis claims or claims brought by prisoners to determine whether the person has alleged a claim upon which relief can be granted. *Recommended Decision* at 1-5. The Magistrate Judge characterized Mr. Williams' Complaint as

---

[3] Mr. Williams' Complaint contained so little factual information that in his Recommended Decision, the Magistrate Judge believed that Mr. Williams was challenging a state conviction. Mr. Williams now adds additional factual details in his objection, including a copy of a federal indictment and a direct reference to the federal criminal docket number. *See Pl.'s Obj.* at 3; 26. It is now plain that Mr. Williams is challenging a federal criminal conviction. *See*, *United States v. Williams*, No. 2:18-cr-00013-JDL. This is further confirmed by factual similarities between facts alleged by Mr. Williams in his Objection and the Prosecution Version available on the criminal docket. *See id.*, *Prosecution Version* (ECF No. 57).

4

alleging "violations of various constitutional protections during a criminal prosecution in state court." *Id.* at 1.

Citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Magistrate Judge explained that Mr. Williams must first exhaust all post-conviction remedies in state court before challenging in federal court his state conviction under a habeas petition. *Recommended Decision* at 4. The Magistrate Judge explained that a § 1983 plaintiff must show either that his conviction or sentence has been reversed or make a claim for damages that would not invalidate the conviction or sentence. *Id.* (citing *Heck*, 512 U.S. at 486-87). The Magistrate Judge noted that "dismissal [was] appropriate because 'a judgment in favor of [Mr. Williams] would necessarily imply the invalidity of his conviction or sentence.'" *Id.* (quoting *Heck*, 512 U.S. at 487).

The Magistrate Judge also noted that if Mr. Williams had not yet been convicted but was in pretrial custody, "the proper process to challenge the constitutionality of the state criminal procedures is a motion within the state court proceeding." *Id.* (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The Magistrate Judge stated that Mr. Williams had "not alleged any facts to suggest that he [did] not have an adequate opportunity to assert federal constitutional claims in state court," thus, "abstention is appropriate." *Id.* The Magistrate Judge therefore recommended that the Court dismiss Mr. Williams' Complaint without prejudice. *Id.* at 5.

## IV.   ABIJAH WILLIAMS' POSITION

### A.   The Complaint

In his § 1983 Complaint, Mr. Williams argues that he was "subjected to racial discrimination, misrepresentation, abuse of process, invalid arrest, [and] malicious

prosecution for pretrial detention without probable cause." *Compl.* at 2. Specifically, Mr. Williams says that "'Black Defendants' [] needlessly suffer[] from misrepresentation, at every stage of the criminal justice process," and that there is a "lack of transparency[,] accountability[, and] racial disparities in arrests by law enforcement." *Id.* at 9-10. Mr. Williams further alleges "misconduct that [ ] consist[s] of judges declining representation, limiting attorneys to [] particular appointments, improper hearings [and] arraignment procedures, altered documents, docket records and coerc[ing] defendants to . . . represent themselves, and high excessive bails." *Id.* at 8.

Mr. Williams also alleges attorney misconduct, including "failure to provide a 'private investigator' to challenge the evidence of the (racial profiling) pertaining [to] the criminal matter[,] . . . failure to provide pretrial motions for submission to the Courts[,] lack of time spent on [a] case, e.g., (8) times of visitation for five minutes." *Id.* at 9. He further complains of "overbilling practices [,] attorneys falsifying their hours, ineptitude of attorneys working in concert with district attorneys, MCILS,[4] failure to administer procedural safeguards, the inability to ensure fair process under our U.S. Constitution." *Id.* In support of his argument, Mr. Williams attaches affidavits from other "'Black Defendants' who have [experienced] the equivalent

---

[4] "MCILS" is the Maine Commission on Indigent Legal Services. The organization is charged with "provid[ing] high quality representation to Maine citizens who are entitled to counsel at state expense under the United States Constitution or under the Constitution or statutes of Maine." *Me. Comm'n on Indigent Legal Servs.*, https://www.maine.gov/mcils/ (last visited Jan. 12, 2022). MCILS "provid[es] oversight, support, and training to assigned private counsel and to contract counsel." *Id.*

oppressive[] hardship of the State of Maine Criminal Justice System, [] which produces disproportionate outcomes of (racial disparity)." *Id.* at 4, 14-17.

### B. The Objections

Mr. Williams objects to the Recommended Decision and states fifteen claims in response. As his fifteen separate claims are repetitious, the Court summarizes them as follows: First, Mr. Williams alleges a violation of *Terry v. Ohio* stating that "reasonable suspicion cannot be based on a mere 'hunch'" and that a "civil traffic infraction does not warrant a k-9 unit." *Pl.'s Obj.* at 3. Second, Mr. William states that "officer Matthew William pursue[d] [him] under 'false pretense[s]'" in violation of the Fifth, Fourth, and Fourteenth Amendments. *Id.* at 4. Third, Mr. Williams asserts a series of constitutional and civil rights violations, including false imprisonment, false arrest, and abuse of process under the Federal Tort Claims Act. *Id.* at 5. Mr. Williams claims violations of his Fourth Amendment rights and the Maine Civil Rights Act, and that officers planted drugs in his car. *Id.* at 5. Fourth, Mr. Williams submits that he "did not commit any of the acts charged" and thus alleges unlawful arrest based on "fabrication" of facts, malicious prosecution, and falsification of evidence by the government. *Id.* at 6, 10.

## V. LEGAL STANDARD

### A. *De Novo* Review

Pursuant to 28 U.S.C. § 636(b)(1)(B) the Court reviews any recommended decision by a magistrate judge on a dispositive issue that has been properly objected to, *de novo*. *See United States v. Raddatz*, 447 U.S. 667, 673-74 (1980); *Barnard v.*

*Maine*, 1:16-cv-00276-JAW, 2018 U.S. Dist. LEXIS 145969, at *7 (D. Me. Aug. 28, 2018).

## VI.   DISCUSSION

After reviewing the record and Mr. Williams' objections, the Court agrees with the Magistrate Judge's Recommended Decision, and for the reasons elaborated on in this Order, accordingly adopts it.  As discussed below, Mr. Williams has not properly objected to the Recommended Decision by introducing new arguments and evidence that were not originally before the Magistrate Judge.  Setting aside this procedural error there is no final judgment for Mr. Williams to challenge in his § 1983 claim.

### A.   Procedural Errors

While Mr. Williams objected to the Recommended Decision, he presents new arguments in his objection that he did not make to the Magistrate Judge.  By failing to make these arguments in his initial complaint, Mr. Williams prevented the Magistrate Judge from considering these arguments in the Recommended Decision. Parties must take "not only their 'best shot' but all of their shots" before the Magistrate Judge.  *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)); *see also Dastinot v. Auburn Police Dep't.*, No. 2:18-cv-00166-JAW, 2019 U.S. Dist. LEXIS 20028, at *12 (D. Me. Feb. 7, 2019) (collecting cases).  As a result, "an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate." *Dastinot*, 2019 U.S. Dist. LEXIS 20028, at *12 (quoting *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31,

8

37 (1st Cir. 2007)). This procedural error is basis alone for rejecting Mr. Williams' additional arguments.

   **B. Section 1983 Claims under *Heck v. Humphrey***

  Although the Magistrate Judge was under the impression that Mr. Williams was challenging a state court criminal proceeding, Mr. Williams clarified in his objection that he is challenging a federal court conviction in *United States v. Williams*, No. 2:18-cr-00013-JDL. A review of Mr. Williams' Complaint requires this Court to dismiss his civil Complaint, though for a slightly different reason than the Magistrate Judge proffered. In particular, a review of his criminal docket makes it clear that Mr. Williams cannot bring a § 1983 claim challenging his conviction because there has been no final judgment in his criminal case and his § 1983 allegations are interwoven with the legitimacy of his federal conviction now on appeal.

  In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that *the conviction or sentence has been reversed on direct appeal*, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of writ of habeas corpus.

*Id.* (emphasis added) (citing 28 U.S.C. § 2254).

  Mr. Williams has not alleged nor shown that his conviction or sentence has been reversed on direct appeal because his federal criminal case remains pending before the First Circuit Court of Appeals. Thus, there is no final judgment in his case.

Nor has Mr. Williams shown that his conviction was expunged by executive order or declared invalid by a state tribunal authorized to make that determination. *See Heck*, 512 U.S. at 486-87.

While a § 1983 claim does not necessarily depend on resolution of an underlying criminal conviction, Mr. Williams' allegations of Fourth and Sixth Amendment violations, and malicious prosecution, among others, depend on the outcome of his criminal case, which is not yet final. Mr. Williams must first exhaust his criminal appeal before he may proceed on his § 1983 claims. *See Heck*, 512 U.S. at 489 ("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus"); *White v. Griffin*, No. 10-406-P-H, 2010 U.S. Dist. LEXIS 105823, at *6 (D. Me. Oct. 1, 2010) ("[Plaintiff] has a pending post-conviction proceeding and this court could not offer him any remedy in a civil rights suit until that conviction is invalidated" (citing *Heck*, 512 U.S. 477)).

The Court therefore agrees with the Magistrate Judge's Recommended Decision but clarifies that the affirmance is based on his pending federal appeal, not a pending state court criminal proceeding.

### C. Renewed Motion for Appointment of Counsel

The Court similarly rejects Mr. Williams' renewed motion for appointment of counsel. As discussed by the Magistrate Judge in his April 30, 2021, order denying Mr. Williams' motion for appointment of counsel, *Order on Pl.'s Mot. to Appoint Counsel*, and this Court's May 13, 2021, order overruling Mr. Williams' objections to

the Magistrate Judge's order, *May 13 Order*, "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). As the Court explained in its May 13 order, it is a common misconception among plaintiffs who received an appointment of counsel in their criminal cases, that they are similarly entitled to receive an appointment of counsel in a subsequent civil case. *May 13 Order* at 2. However, "there is no corresponding right to counsel in a civil action to the right of counsel in a criminal action." *Id.*

Under 28 U.S.C. § 1915(e)(1), a court may appoint counsel in a civil matter where there are "exceptional circumstances." To determine whether there are "exceptional circumstances" the "court must examine the total situation, focusing . . . on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *DesRosiers*, 949 F.2d at 24. The Court concludes that Mr. Williams has not alleged "exceptional circumstances" as Mr. Williams' appeal remains pending before the First Circuit and as the legal issues are not of extraordinary complexity.

## VII.   CONCLUSION

The Court AFFIRMS the Magistrate Judge's Recommended Decision (ECF No. 13) and DISMISSES without prejudice Mr. Williams' Complaint (ECF No. 1). The Court DENIES Mr. Williams' Motion to Appoint Counsel (ECF No. 19).

SO ORDERED.

                                   /s/ John A. Woodcock, Jr.
                                   JOHN A. WOODCOCK, JR.
                                   UNITED STATES DISTRICT JUDGE

Dated this 24th day of January, 2022